Commonwealth of Pennsylvania and Carmen Sottile, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kawecki Berylco Ind., Inc., Respondents.

Argued December 4, 1978, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Sandra S. Christianson,* Assistant Attorney General, for petitioners.

*Joseph P. Olexy,* for respondent.

OPINION BY JUDGE WILKINSON, JR., December 29, 1978:

This is an appeal by the Commonwealth from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's assessment of a penalty against the insurance carrier for failure to comply with an order of the referee. We affirm.

At issue is the propriety of assessing a penalty based upon an award of compensation subsequently declared incorrect by the referee. On May 15, 1975 the referee awarded compensation directing liability be assessed at 75 per cent against the Commonwealth and 25 per cent against the insurance carrier pursuant to Sections 108(q) and 305.1 of The Pennsylvania Workmen's Compensation Act (Act).[1] The Commonwealth filed a late appeal on July 9, 1975 and the Board remanded for a determination of whether the late filing was excusable. On April 9, 1976, the referee issued a second decision concluding that the appeal had been timely filed, that the original order had incorrectly applied Sections 108(q) and 305.1 since the disability was not enumerated in those sections and therefore imposing total liability for compensation due upon the insurance carrier. The insurance carrier appealed this decision on April 12, 1976 and filed a petition for supersedeas on April 14, 1976.[2] On

---

[1] Act of June 2, 1915, P.L. 736, added by the Act of October 17, 1972, P.L. 930 and the Act of December 6, 1972, P.L. 1627, *as amended,* 77 P.S. §§27.1(q) and 411.1

[2] The record indicates that the petition for supersedeas was denied on June 16, 1976 and that respondent on June 22, 1976 paid

April 15, 1976, a hearing was held on a penalty petition that had been filed February 10, 1976, based on the failure of the insurance carrier to make full payment of the award absent the grant of a supersedeas in compliance with the May 15, 1975 order and Rule 121.21(b) of the Department of Labor and Industry which requires the employer or insurance carrier make full payment of Section 108(q) awards and seek reimbursement from the Commonwealth. *See* 34 Pa. Code §121.21(b). On July 21, 1976, the referee filed the order at issue here assessing a penalty of $682.94 against insurance carrier representing 10 per cent of the total compensation due of $6,829.42. On appeal, the Board reversed, concluding, "[I]t seems inappropriate because of the procedural complexity of this case, which complexity was not caused by the carrier, now to impose any penalty upon the carrier."

The Commonwealth argues the Board exceeded the scope of its authority in reversing the referee because the referee as the ultimate finder of fact in Workmen's Compensation proceedings alone has the power to determine a factual finding of a violation of the Act.

Such a proposition, however, ignores several factors. First, the Commonwealth, insurance carrier, and the referee all agreed at the hearing on the petition for penalty that no evidence need be taken and that the question was one of law rather than fact. Secondly, no specific findings of fact were made by the referee. Finally, the record discloses that the referee agreed with the insurance carrier that reimbursement by the Commonwealth had it complied with the May 15, 1975 order would have been improper, lending

a $1,382.50 subrogation claim and $3,272.93 to claimant's widow. An earlier payment of $1,552.14, representing 25 per cent of the subrogation claim, was paid by insurance carrier on March 25, 1976.

466

support to insurance carrier's position that under the circumstances its remedy was to wait for the Commonwealth to appeal the referee's first decision or defend its position at a hearing on a penalty petition. We conclude that the Board did not abuse the discretionary power clearly accorded it under Section 435 of the Act, added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §991.

Accordingly, we will enter the following

ORDER

AND Now, December 29, 1978, the order of the Workmen's Compensation Appeal Board at Docket No. A-71974, dated February 3, 1977, reversing the referee's assessment of a penalty, is hereby affirmed.

Judge DiSALLE concurs in the result only.